IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**              )
                                           )
          **Plaintiff,**              )
                                           )
**v.**                                     )
                                           )   Case No. 00-20121-2-CM
                                           )
**LAWRENCE D. RILEY,**                     )
                                           )
          **Defendant.**              )
                                           )

## MEMORANDUM AND ORDER

Petitioner was charged with and pleaded guilty to two counts: 18 U.S.C. § 924(c)(1), brandishing a firearm during and in relation to a crime of violence, and 18 U.S.C. § 2119, carjacking. (Doc. 100, at 1.) Petitioner was sentenced to 84 months imprisonment for the violation of § 924(c)(1) and 110 months for the violation of § 2119. (Doc. 100.) By statute, a sentence imposed under § 924(c)(1) is required to run consecutively to any other sentences imposed for underlying offenses. *See* § 924(c)(1)(D)(ii).

Petitioner's 18 U.S.C. § 3582(c)(2) motion to modify his sentence based on his post-sentencing rehabilitation is now before the court. Petitioner asks this court to modify his sentence in light of the recent U.S. Supreme Court case, *Pepper v. United States*, 131 S. Ct. 1229 (2011). Petitioner also asks the court to declare 18 U.S.C. § 3742(g)(2) unconstitutional. Petitioner cites his post-sentencing rehabilitation record, deteriorating family situation, and feelings of remorse in connection with his crimes as factors to compel the court to modify his sentence.

### Legal Standard(s)

In reviewing a *pro se* 3582(c)(2) motion, a district court must first determine whether the

prisoner is eligible for sentence modification under United States Sentencing Commission Guidelines Manual (U.S.S.G.) § 1B1.10. *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010); *United States v. McGee*, 615 F.3d 1287, 1291–92 (10th Cir. 2010). A petitioner may be eligible for a sentence reduction if the petitioner was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *See* § 3582(c)(2) ("The court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.") If a petitioner is eligible for a sentence modification under U.S.S.G. § 1B1.10, the court may use post-sentencing conduct as a factor in modifying petitioner's sentence. *See* § 1B1.10 commentary (1)(B)(3)(iii).

## Analysis

Initially, petitioner, filing *pro se*, asks the court to declare 18 U.S.C. § 3742(g)(2) unconstitutional (Doc. 118, at 1). The U.S. Supreme Court has already declared this section invalid because its application is unconstitutional in certain circumstances. *Pepper*, 131 S. Ct. at 1236 ("[3742(g)(2)] did not survive our holding in [*Booker*] and we expressly invalidate it today."). Under § 3742(g)(2), the lower court was "effectively precluded" from using post-sentencing rehabilitation information to depart from the applicable sentencing guidelines. *Pepper*, 131 S.Ct. at 1236. Therefore, had this court been bound by § 3742(g)(2) in sentencing petitioner, modification would perhaps be appropriate.

Before it was invalidated, however, § 3742(g)(2), applied in the context of re-sentencing after a court of appeals vacated the lower court's initial sentence. *See Pepper*, 131 S. Ct. at 1236. In this case, petitioner did not have his initial sentence set aside by the court of appeals. It is, of course,

impossible for the district court to have declined to use petitioner's post-sentencing rehabilitation record when it initially sentenced him. Accordingly, while petitioner is correct that § 3742(g)(2) is now invalid as declared by the U.S. Supreme Court in *Pepper*, § 3742(g)(2) is inapplicable to his case. Petitioner's argument is therefore clarified to a request that the court modify his sentence in light of his post-sentence rehabilitation record, deteriorating family situation, and feelings of remorse for his crimes.[1]

There are narrow circumstances that allow the court to modify a sentence it has previously imposed. 18 U.S.C. § 3582(c), in conjunction with U.S.S.G. § 1B1.10 and its accompanying policy statement, sets forth those circumstances. The provisions allowing for sentence modification under § 3582(c)(1)(A)–(B) are inapplicable to petitioner's *pro se* motion. The dispositive question with respect to whether a court can even consider modifying a sentence under § 3582(c)(2) is whether the language of § 1B1.10 is binding or merely advisory. In *Dillon*, the Court held that § 3582(c)(2), as constrained by the binding language of U.S.S.G. § 1B1.10, survived the Court's decision in *United States v. Booker*. *See Dillon*, 130 S. Ct. at 2694. *Booker* had rendered the formerly mandatory federal sentencing guidelines advisory. *See* 543 U.S. at 245. *Dillon*, however, recognized a fundamental distinction between sentencing and sentence modification. Because § 3582(c)(2) applied in the context of sentence modification, there was no danger of a judge departing upward from the guidelines by finding sentencing facts not proved beyond a reasonable doubt, thereby violating the Sixth Amendment. *See Dillon*, 130 S. Ct at 2692. Without the danger of the type of

---

[1] Although the primary authority petitioner cites is inapplicable to his case, and his motion does not conform with local rule 9.1, the court, without taking a role as advocate, will construe *pro se* filings liberally. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Under this liberal construction, it is appropriate to consider whether petitioner's argument is relevant to his initial sentencing.

error addressed by *Booker*, § 3582(c)(2) and § 1B1.10 lawfully precluded federal courts from modifying sentences except when U.S.S.G. amendments lowered the applicable sentencing ranges. *See Dillon*, 130 S. Ct. at 2693–94 ("As noted § 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission.")

The Court thus established a two-step inquiry that a reviewing court undertakes with respect to a § 3852(c)(2) motion. *See Dillon*, 130 S. Ct. at 2691. First, the reviewing court determines whether the applicable sentencing range for the crime(s) for which the petitioner was convicted have been modified by the Sentencing Commission. *See id.*; U.S.S.G. § 1B1.10(a)(1)–(2). If the sentencing range has been lowered by subsequent amendments, the court may modify the sentence.[2] By contrast, if the sentencing range used during the initial sentencing has not been subsequently lowered by amendment, then U.S.S.G. § 1B1.10(a)(2) controls and the court is precluded from modifying a sentence under § 3582(c)(2). *See Dillon*, 130 S. Ct. at 2694 ("Because the aspects of [Dillon's sentence] were not affected by the Commission's amendment . . . the District Court properly declined to address them.").

The Tenth Circuit has adopted *Dillon's* two-step analysis standard. *See United States v. McGee*, 315 F.3d 1287, 1292 (10th Cir. 2010), ("[t]he Sentencing Commission's policy statements in § 1B1.10 are binding on district courts and limit their ability to grant motions for reduced sentences."). Regarding petitioner's *Pepper* argument, nothing in *Pepper*, which was decided just one year after *Dillon*, indicates that *Dillon's* holding with respect to § 1B1.10 is no longer good law.

---

[2] The factors that the court, in its broad discretion, considers for sentence modification are outlined in 18 U.S.C. § 3553(a). The factors listed in § 3553(a) are not wholly inclusive as the guidelines are advisory, post *Booker*. But in connection with the particular facts of the case at hand, § 3553(a) provides the starting point for the court to determine whether and to what extent to modify the defendant's sentence if the defendant is eligible for sentence modification. *See Dillon*, 130 S. Ct. at 2692.

The court therefore begins at step one of the two-step inquiry under the particular facts of this case.

**18 U.S.C. § 2119**

Cross referencing petitioner's sentence for conviction of 18 U.S.C. § 2119 under U.S.S.G. § 2B3.1 with the post-sentencing amendments to the U.S.S.G. indicates that the applicable sentencing range for this conviction has not been lowered by the Sentencing Commission. The court is therefore unable to consider petitioner's motion for a sentence modification with respect to this offense. *See* U.S.S.G. § 1B1.10(a)(2); *McGee*, 615 F.3d at 1292–93.

**18 U.S.C. § 924(c)(1)**

Petitioner was sentenced to 84 months incarceration resulting from his conviction for violation of § 924(c)(1). (Doc. 99, at 2.) The latest version of the U.S.S.G. provides that the guideline sentence for any person convicted of § 924(c) is the "minimum term of imprisonment *required by statute.*" U.S.S.G. §2K2.4(b) (emphasis added). During the commission of his offense, petitioner brandished a firearm. Under § 924(c)(1)(A)(ii), the minimum term of imprisonment for a violation of § 924(c)(1) while brandishing a firearm is 7 years (84 months). The court sentenced petitioner to the statutorily required minimum sentence, which has not been amended. Therefore, the court is unable to consider petitioner's request.

**IT IS THEREFORE ORDERED** that defendant's Motion for Sentence Modification (Doc. 118) is denied.

Dated this 2nd day of September, 2011 at Kansas City, Kansas.

                                **s/ Carlos Murguia**
                                **CARLOS MURGUIA**
                                **United States District Judge**